The last case of the day is Healthcare Real Estate Partners versus Wright, number 18-3267. Counsel? May it please the court, Chris Lloyd-Zedes for Appellant Healthcare Real Estate Partners. With the court's permission, I would like to reserve three of my 15 minutes for rebuttal. Thank you, Your Honor. Subject matter jurisdiction, as a general matter, is something that a court either has or it doesn't. And as a general matter, it is Congress that determines those, that delineates those boundaries. For example, contrary to the appellee's assertion, this court has subject matter jurisdiction over this appeal under 28 U.S.C. section 158D. That is because it is an appeal from a final order of the district court, which affirmed a final order of the bankruptcy court. Well, of course, this came after the order dismissing the case, right? The filing of this adversary proceeding. Yes, Your Honor, I can jump over this issue if you don't think it's necessary. There's a challenge to this court's jurisdiction. Oh, okay. Sure, go ahead. Address it. I don't think there's anything to it because it's just so clear. There's not one case that supports their position. But I'll go, I'm happy to go right to the meat because the question is the bankruptcy court's jurisdiction. And in general, of course, the bankruptcy court has jurisdiction, would have had jurisdiction over the adversary proceeding under section 1334B because the adversary both arises in a bankruptcy case. It was based on facts that happened during the bankruptcy. And, of course, it arises under section 362 of the code. Now, I don't think any of that is in dispute. The question is what is the meaning and legal effect of the order dismissing the underlying case? I do think it's important, however, to go over the factual and procedural history a little bit because it's really important to understand that to see how we got where we got. My client health care was set up to manage a couple investment funds that indirectly held minority. That's great. But how about we ask you some questions? Sure. Please, Your Honor. So here's what I'd like to know. Both of you say paragraph seven is unambiguous. Is that? Yes, Your Honor. Okay, great. So tell me then what's the only reasonable interpretation of nothing herein shall limit the debtor's right to seek damages, including without limitation, fees and costs, pursuant to 303I or otherwise? What's the only reasonable interpretation of that since you claim it's unambiguous? Your Honor, what I would say, and pardon me for being evasive. What? Evasive? I hope I'm not being evasive. That's the question. Your Honor put it perfectly. It's, as a general matter, I think that provisions are not sort of ambiguous or unambiguous in the abstract. They're ambiguous or unambiguous as applied. So what the limit of this provision is might be ambiguous in a different situation. Here's what we maintain, Your Honor. I think what the bankruptcy court said is I only retain jurisdiction over 303I and nothing else. And whatever paragraph seven of the dismissal order meant, it couldn't mean that. Because otherwise, much of the language that Your Honor just stated would be entirely unnecessary. It says nothing in here shall limit. Let me go right to that. Skipping ahead here. It says provided, however, nothing herein shall limit debtor's right to seek damages. That's the primary part of this clause. What comes after, in a sense, is part of lawyer verbiage, shall we say, because lawyers get nervous if they don't have something after that that it has including without limitation. Can I just stop you for one second? Sure. I'm going to admit I'm not terribly familiar with bankruptcy practice, but it seems like the parties got together and came up with this order, right? That is correct, Your Honor. What is the procedure? It's called something in certification, right? Typically what happens in a case, at least in Delaware, I don't know that this is universal, is after a hearing it is very typical for the judge to rule verbally and then ask the parties to submit a proposed order under certification of counsel. And this was a highly negotiated document. So the order essentially was agreed to by my client and by the appellees. Was it entered into? Everybody signed it? We didn't actually sign it, but we agreed to it. On the record? The certification stated that we agreed to it. I don't remember whether I filed it or Mr. Martin filed it, but we clearly wouldn't have been submitted under certification unless we all agreed to it. Nobody would have done that. Under certification means it's telling the bankruptcy judge, we both agree to the terms, these terms that you ruled upon, I guess. Correct. To be clear, obviously the parties cannot impose something on the court, the court that rules. And I can't speak to why this is a common practice in this court. Okay, that's fine. I just was curious about the procedure, but you can go on. That is what happened. But going back to Judge Greenaway's question about the core language here, it does say, provided, however, that nothing herein shall limit debtors' right to seek damages. And our view is that could have had a period after that, and that would have included both 362K and 303I. But it does say, including without limitation, fees and costs pursuant to 11 U.S.C. section 303I or otherwise. We certainly believed, Your Honor, in agreeing to this, that we were reserving any claim to seek damages of the debtor acting in its personal capacity related to the bankruptcy and the course of events in the bankruptcy. Not anything in the world. Okay. But I don't understand something. Why was it even necessary? Couldn't you just, didn't you just have the right to seek damages under 312K for violation of the automatic stay? Isn't that what we're concerned with? Yes, Your Honor. That is exactly right. And our view is that the language here is unambiguously broad enough to encompass it. But even if it didn't encompass it, wouldn't you have a, isn't it a separate action, really, outside in the sense of the bankruptcy? I mean, suppose it said nothing about it. Yes, Your Honor. I think that Your Honor may be referring to some of the case law that we have seen. Right. That says you don't even have to put in a reservation of rights. But 362K rights survive the bankruptcy. Yeah, but let's get back to what we were focused on for one second. Okay. Okay? So the focus of my question is, what is the unambiguous meaning of or otherwise? You say it's unambiguous. So you say the sentence can end after damages. But that's not really so. Because the two dependent clauses after that have different objectives, right? One is letting you know part of the scope of damages. And one is letting you know what are the underlying statutes that, statute or statutes, that render those damages possible. Right? Because you could write this, shall limit the debtor's right to seek damages pursuant to 301I or otherwise. Right? But that isn't what it says. That's correct. So tell me why or otherwise could only mean 362K. No, I don't think our argument is that it is or otherwise means only section 362K. Well, then if that's not your argument, then how can it be unambiguous? Because certainly I can look at those words and say it doesn't include 362K. That's what I want to know. Help me. I may have misunderstood you, Judge. I'm sorry if I did. We certainly believe that it unambiguously includes section 362K. Do I say that it only includes that? The way I, what this was intended to do and what it does is to preserve the debtor's personal rights to assert claims for damages arising from the bankruptcy case. And that's it. And that obviously includes 303I and it also includes 362K. There is something we've mentioned in our papers, and maybe this is obvious, but, you know, we've sort of been, it's mentioned over and over that 303I is mentioned many times, section 362K is not. But 303I has an express requirement that a debtor basically do two things to preserve those rights. One is you can't consent and you can't waive. And we view that as meaning that as to the 362, excuse me, the 303I issue, we had to jump up and down and wave flags and everything and not as to 362K, which could be preserved under a general reservation. You know, it's funny. The way you're expressing it now, I read the transcript as saying we didn't even think of 362K at the time. Now you seem to be saying we knew about it, but we felt like we didn't need to include it. The transcript is a little vague. And, of course, I was there, so I remember this. But I think what I was trying to emphasize, and this was not at the actual hearing on the dismissal of the case, this was later, is to say that at the time of the dismissal hearing, were we thinking, for example, of filing a separate adversary under section 362K instead of, say, a single motion or two motions? Frankly, we just hadn't gotten that far. But as to whether we had considered section 362, that's in our response to the dismissal motion and in some other papers that we filed. Throughout this entire proceeding, since the time we learned about this illegal agreement to file the bankruptcy, we said that Summitt's removal of my client as the fund manager was a violation of the automatic stay. So that is certainly something that we knew about. It's something we mentioned in our dismissal motion. But at the time of the dismissal hearing, did we think, okay, we're going to file a separate adversary proceeding or not? Our focus up to that point, remember, this whole procedure, the procedure here was very unusual. Our focus up to that point had been whether or not there was going to be a bankruptcy or not. Because initially we were defaulted. We had to challenge that. But that didn't end the issue. At that point in time, after the court vacated the default, then we had the ‑‑ there was essentially a contested matter as to the validity of the petition. So the way we envisioned this working, and I think this is what happened, is the appellees having achieved their ends decided to just withdraw the bankruptcy case entirely. But, you know, this is all interesting, but I don't know how it helps us in looking at paragraph 7. Because I'm confident that your adversary, nice fellow or colleague there, is going to get up and say, yeah, we did have discussions, we were trying to work it out, but our understanding now is not the same. So we're left with the words of paragraph 7. So how about this question? What other statutory damages unequivocally fall within other or otherwise? Because if you can't tell me unequivocally, then it's ambiguous. And if it's ambiguous, then we have a different set of questions. Your Honor, respectfully, I guess I just ‑‑ and I could be wrong, Judge. Go ahead, you can answer the question. It's just I'm out of time. I'm colorblind. It looks green. You're good. You can go. I'm sorry. I guess I do look at this differently. And I could be wrong, Your Honor. The way I look at this, it's not is there some hypothetical under which there is potentially ambiguity. It unambiguously does not exclude section 362K because nothing could be more integrally related to our injury or indeed the 362I ‑‑ the 303I motion. And in fact, if you look at ‑‑ If that's so, if it's so integral, you would have included it, right? Because what you've told us is everybody was talking about it. We knew exactly what was going on. And then you turn to the judge and say, Judge, back us up on this 362. The judge said, I wasn't thinking about the 362. So, you know, what are we to do in light of that? Your Honor, as I said, I think to ‑‑ I think I've said it and I don't write it down. Okay. Essentially, I don't think that you can reasonably interpret that order as excluding something as closely linked to the 303I motion as the 362 complaint. And I believe that contains a sufficiently broad, unambiguously broad, if you will, reservation of rights that would unambiguously include at least 362K. The reason I asked you whether there are any other statutory damages that could fall within the ambit or otherwise, if you told me there's no other possibility of any other thought that could be, and the only thing that that could encapsulate is 362K, that would be, as they say, a horse of a different color. But you can't say that. That may be true, Your Honor. I guess the easy way is to say, of course, that's true, Your Honor. No, no, no. Tell me I'm wrong. It's all good. Lots of folks think I'm wrong. But, you know, as I stand here, I don't know of any other basis. So I think that probably is true. Yeah. I think it probably would only encompass that. Because what we're talking about here, unlike, for example, avoidance actions, which they mentioned, is our claims that are personal to the debtor. That's the whole purpose of Section 362K. And that's why these claims survive the dismissal, even if there's not an express retention of jurisdiction. Well, I'm sure that bankruptcy judges are looking for finality as well. Is your authority for stating that the bankruptcy court was obliged to take this on even after dismissal of the Johnson case out of the Ninth Circuit? Is that what your authority is? I thought it was the Tenth Circuit, but yes, Your Honor. It was a bankruptcy appeal? I'm sorry. It's 575F3rd. Well, that's definitely the Tenth Circuit one. Tenth Circuit, yes. There are two. There are two. Yeah. So, yeah. And the court is, if I may, there's one paragraph here. Well, hold on. You do have rebuttal time, so. I'm happy to step down at this point. Yes. Okay. Thank you. Judge Greenberg, do you have any other questions?  Okay. Great. We'll hear from your friend. Thank you, Your Honor. May it please the Court, my name is Craig Martin, and I represent Summit Healthcare REIT and the petitioning creditors. And I think to answer Judge Greenway's question about the or otherwise language, I think in the context of this case, as the record shows from Judge Carey's decisions, the or otherwise, I think, could have meant a variety of things because there was and is pending state court litigation in California. I thought you said in your papers that it's unambiguous. Am I wrong? The – that's what I read. I thought you said that this very phrase that I just read to your adversary was unambiguous. Well, that's why I asked him the same thing. Yes. But now it's subject to different meaning? No, no. I'm not saying it's subject to different meaning. I'm saying the or otherwise is not – I was answering the question about is there any statutory other claim that could have been asserted under or otherwise. So in the context of the case, we have a bankruptcy case that's being dismissed. And adversary proceedings don't get filed in bankruptcy cases that are dismissed. There was other litigation pending between the parties. The bankruptcy code under Section 303I expressly gives the bankruptcy court the right to determine damages and fees in a situation where an involuntary bankruptcy case is dismissed by the court. Well, obviously, 303I is an exception to that, right? Well, that is 303I. So 303I – What about – your friend says 362K is another example of something that could survive a dismissal. So if you look at the Seventh Circuit case called Price v. Rochefort, I think it is. What the Seventh Circuit has said is that it's – that the 362K right is essentially a cause of action or a damage claim that can be asserted. But it's not something that gets asserted in the bankruptcy court. It gets asserted elsewhere. And the Section 1334B of Title 28 says that issues that arise in or under a bankruptcy case are not exclusive to the bankruptcy court. The bankruptcy court has original but not exclusive jurisdictions. So to the extent that the or otherwise phrase referred to the lawsuit in California, the 362K rights, I think what the record reflects is that in the bankruptcy judge's mind, it was clear that his order allowed there to be a preceding under Section 303I in front of him and that with respect to any other item, he did not retain jurisdiction. And I think that's differently than saying is that Paragraph 7 of the order eliminating rights to assert damages elsewhere. Okay. I don't understand your argument. Okay. So let me interject at the moment. Yes. The bankruptcy judge has said what in the judge's view the language referred to. Yes. Both sides have said when you look at that language, it's unambiguous. Yes. And you're asking us to accept your representation that they're unambiguous on their face. Yes? Yes. Okay. Sorry. Go ahead. So when I look at Paragraph 7, that would mean that or otherwise could only refer to one thing. Because if it referred to a set of things or a subset of things, that would not be unambiguous. Right? It could then theoretically refer to A or it could refer to B or it could refer to C. Right? Yes. So tell me what is the unambiguous interpretation of it? I think it's important to remember that Paragraph 5 of the order set forth the explicit right to file a motion for damages under 303I. Paragraph 7 then includes the language that you've been referring to that says nothing herein shall limit the right to seek damages, including without limitation the 303 right set forth in Paragraph 5 or otherwise. So to me or otherwise means whatever other rights they had to assert to retain damages, this order does not give me something that I could wave in front of a court in California or the district court and say when the bankruptcy case was dismissed, they waived that claim. They released it or waived it. So how can I look at that and say 362? Now remember, in my question, disregard what the judge said. Right? So how can I look at this and say or otherwise can't possibly, because that's your position, can't possibly refer to 362K? I don't think my position is that it can't possibly include it. I think my position is that to the extent it includes it, it's unambiguous that the bankruptcy court did not intend for it to be litigated in front of the bankruptcy judge. So I believe in the bankruptcy court's mind it's a jurisdictional question, not a substantive legal right question. And so what the bankruptcy court said is, and if you've read the record, you'll see that there were three or four hearings where the judge got increasingly upset that the adversary proceeding wasn't dismissed. As a matter of fact, I have, and I did note that. However, I don't think that answers the question. Right? Because what you're telling me is, please take into account what the bankruptcy court said and what was happening at the hearings. And what I'm asking you is, you can't say that a clause is unambiguous if you're asking me to rely on that. It has to be unambiguous on its face. Look, maybe the answer is it is ambiguous, and now we should just look to what the court said. Well, the district court found that it was ambiguous. So we understand that. Right. But I'm sorry if I'm not saying it well. But what I'm trying to say is that I don't view that it's ambiguous with respect to the substantive legal rights and the procedure. And with respect to the substantive legal rights, or otherwise, is extremely broad. But with respect to the procedure, there's nothing in the order that says, I, bankruptcy court, intend to retain my jurisdiction to adjudicate something other than a motion under Section 303I after this bankruptcy case is closed. And the reason I believe that's unambiguous is because bankruptcy courts don't have general jurisdiction if there's not a pending bankruptcy case in front of them. Let me ask you this question. What's the reason to object to the 362K if, in effect, the relief sought under 362K is the same that's available under 303I? The basis for that is because there are separate procedural rules under the bankruptcy rules for a motion. It's called a contested matter. It's governed by Bankruptcy Rule 9014 and an adversary proceeding, which is governed by Part 7 of the bankruptcy rules, which subjects the parties to all of the federal rules of civil procedure on discovery. So the 303I motion is a somewhat truncated type proceeding, whereas the adversary proceeding is a full-blown federal case, so to speak. And I appreciate that edification, but that wasn't my question. My question is, if the essence of both is the same, if the damages that could be sought under 362K are the same as can be sought under 303I in this context, is it just, listen, you didn't follow the procedure, so we're going to stand on that? I mean, they can clearly go after it under 303I. I agree with you fully. In preparing for this argument, I thought that that question is the question that you would ask me. Well, we've asked you. There you go. I don't have an answer for it. The only answer I have is the one that they state in their brief. Well, go ahead. Say your answer. They state in their brief that they believe that there is a different legal standard that governs the assessment of damages. Now, the bankruptcy judge said, I can grant you the relief under 303I that you would get under 362K, so what's the big deal? I'm standing by ready to adjudicate these issues. So I have to be honest with you. I don't fully understand the strategy of my friends at the bar. I may have done this differently. I may have said, okay, I'll assert the 362K claims in the 303I because this judge is clearly telling me that's the way he thinks things should go. But that's not what the appellants have decided to do here. What's the meaning of paragraph 8 in the respect that, you know, this is an odd case in that we've got a bankruptcy judge who said, this is what my order means. And this particular paragraph says the court shall retain jurisdiction, if I could omit some stuff, with respect to matters related to arising from interpretation of this order. He went and interpreted it. Is that what this is meant to cover, that he could go back and do as he did and say, hey, I didn't mean you could bring a 362K? I believe so, yes. And that paragraph 8 that you look at is quite often, if not almost, in every single bankruptcy order that we submit under the certification of counsel proceeding because we do negotiate with, in Delaware under the local rules, we negotiate orders after hearing. We agree on them and we submit them. And sometimes disputes arise afterwards and we prefer to go back to the bankruptcy judge to deal with those issues than to have to deal with it in another forum. And so my view is that the approach that the judge took was entirely consistent with practice for him. He told the parties what was in his mind when he made that decision. And fortunately for us, he adopted the interpretation that we put forward. And the district court, although for some different reasons, came to the same conclusion. And I'm happy to get into sort of the ambiguity and the non-ambiguity and the standard of review. As Judge Greenway said, you know, I think we're a little bit stuck on or otherwise. What does that mean exactly? It seems that in your briefs you basically argue it's limited to those claims of the nexus to your 303I claim. But we don't see that language in here. I view or otherwise to be quite broad. I see it oftentimes in documents that we have the rights to do A, B, and C, and it includes but isn't limited to X, Y, and Z or all other categories that would fall within. I mean, if you look at paragraph 7, including without limitation. So what are you including without limitation? You're including in the right to seek damages, right? So you're including within that the right to seek damages under 303 or your right to seek damages otherwise. And what I understood the bankruptcy court to say is exactly what Judge Greenway just said, which is that if you have a right to seek damages under 362K, there's nothing that prevents you from including that request in your 303I application that you filed before me. And I did not intend for the or otherwise language to confer upon this bankruptcy court jurisdiction that it does not have under the Acts of Congress. That's how I interpreted it. And the reason I interpreted it that way is because 303I includes specific categories of damages that could be asserted. And they've raised an issue that in addition to the 303I categories of damages, they want damages under 362K. Now, those damages are the same, attorney's fees, cost, and potentially punitive damages. The only difference is that they say in 362K there's the word shall, that if there was an intentional and willful violation of the automatic stay, which we dispute, then it's essentially strict liability to award damages. I think if we litigate that in front of the bankruptcy court, we'll find that the word shall in that context doesn't really mean shall. The court still has a discretionary component to the award of those damages. And so I view this dispute all along to be somewhat academic. So, okay, it's academic. So that means that if we deem it to be ambiguous, then we would take into account the bankruptcy court's ruling and the determinants of the district court. And would there be a degree of deference that we would have to have for the bankruptcy court's determination? I think that the answer to that question in this circuit is quite interesting because that discussion always starts with the citation of travelers, indemnity versus bail in the United States Supreme Court. But they specifically said in footnote four that they were not determining the standard of review. But they cited in that footnote four this court's decision, a precedential decision in the Shenango Holdings case, S-H-E-N-A, S-H-A-N-A-N-G-O decision. And that case says that the standard of review is always deferential abuse of discretion. There are, however, two panel decisions that discuss it. One is called trade secrets where the court said that unambiguous orders interpreted by a bankruptcy court  And then there's a Caribbean petroleum case where the court seems to be saying that unambiguous orders also are reviewed under the abuse of discretion standard. And it looks like the only question that you potentially review on a plenary or de novo basis is whether the order is ambiguous or not. And the only difference in the review standard is that if it's unambiguous, you review it with an abuse of discretion standard. But if it's ambiguous, you review it with an abuse of discretion standard so long as it's reasonable in the circumstances. So that reasonable in the circumstances is present in the ambiguous case discussion in the circuit and not in the unambiguous. So I think that if you look at the case law, the standard is a little bit confusing. To me it was at least. But when I went through all of the cases, I began to find a consistency. And the precedential decision of the circuit, I think the answer to your question is that third circuit says we always review a bankruptcy court's review of its own order on an abuse of discretion standard. Thank you. Judge Greenberg, do you have anything more? No, I understand the case, I think. Okay.  Thank you, Your Honor. We'll hear from. Thank you. We'll hear from. We'll hear the reply. Thank you, Your Honor. I'm sorry if I may be beating a dead horse on this. But the way that the bankruptcy court interpreted Paragraph 7 was essentially to say that it only included 303i. And I think whether that's done under a de novo standard or an abuse of discretion, I just don't see how that is possible. You really have to rewrite the paragraph. But also emphasize that all. Could you answer Judge Garrison's question with regard to the second part of Paragraph 8? When he said, he asked your adversary what the. Court shall retain jurisdiction. Court shall retain jurisdiction with respect to any matters related to or arising from interpretation of this order. It didn't, did the judge do that? I don't, I view as Mr. Martin does, that is basically boilerplate language and it simply means that the court had authority to review its own order and interpret it. I don't think it changes the standard and I don't think the bankruptcy court does. So everyone was focusing on Paragraph 7. The bankruptcy court did, the district court did. So what's the basis? Whether it's boilerplate or not, let's put it over there for a moment. It's clearly within the ambit of what he's retained jurisdiction to do.  We're reviewing under an abuse of discretion. So your view is it's an abuse of discretion to look at or otherwise and exclude 362. Now, you've explained why you think that. Is there anything that we haven't taken into account in your view as to why or otherwise has to mean 362K? Well, as I said, we do stand on our position that it is unambiguous. So it's certainly not, and I believe that it is. However, what both the bankruptcy court and the district court said is that whatever this included, it had to have, I believe, the bankruptcy court said nexus. I believe that the district court said connection, whatever word you like. It had to be connected to the 303I motion. And I can't think of anything that is more intimately and integrally connected. This was a single course of conduct. The reason the bankruptcy was bad faith is because its whole purpose was to violate the automatic state. These things essentially can't be separated. So that's why we would respectfully submit that even if the court concludes that the language is ambiguous, it was still an abuse of discretion. I have 15 seconds, one additional point. Bankruptcy courts have continuing jurisdiction to vindicate the personal rights of the debtor post-dismissal so long as the case is open, which it is. And that 10th Circuit case has some good language on that. But I'm out of time. Thank you, counsel. Judge Greenberg, do you have anything more? No, no. Okay, thank you. We thank counsel for their excellent briefs and oral argument. We will take the case under advisement. We'll ask the clerk to adjourn court, and we'd like to greet counsel and thank them.